1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  JARED T. DENSEN, SBN 325164
   jared.densen@salisianlee.com
3  PATTY W. CHEN, SBN 322992
   patty.chen@salisianlee.com
4  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
5  Los Angeles, California 90071-2924
   Telephone:   (213) 622-9100
6  Facsimile:   (800) 622-9145

7  MARISA D. POULOS, SBN 197904
   marisa.poulos@balboacapital.com
8  **BALBOA CAPITAL CORPORATION**
   575 Anton Boulevard, 12th Floor
9  Costa Mesa, California 92626
   Tel: (949) 399-6303

10
   Attorneys for Plaintiff
11 AMERIS BANK d/b/a BALBOA CAPITAL

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>SUPER CYCLE MOTORSPORTS, LLC., an Ohio limited liability company; RYAN GABEL, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Super Cycle Motorsports, LLC. ("Super Cycle") is, and at all times relevant to this action was, an Ohio limited liability company with its principal place of business in the County of Wood, State of Ohio.

3. Defendant Ryan Gabel ("Gabel"), an individual, is, and at all times relevant to this action was, a resident of the County of Sandusky, State of Ohio, and was a member, officer, director, agent and/or owner of Super Cycle. Based on information and belief, including the Driver's License submitted by Gabel to Balboa, Gabel is domiciled in Fremont, OH 43420.

4. Based upon research, and upon information and belief, Super Cycle has one member – Defendant Gabel – who is a citizen of the State of Ohio.

5. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** … Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Super Cycle is a citizen of the State of Ohio; and Gabel is a citizen of the State of Ohio. As such, neither Super Cycle nor Gabel are citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Super Cycle)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to April 2024, Balboa is informed and believes that Super Cycle initiated and engaged with Redline Racing, LLC, located at 3314 US Highway 20 W Lindsey, OH 43442 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Super Cycle in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Super Cycle's electronic credit application to Balboa and other financial institutions. Upon review, Super Cycle concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Super Cycle to finance the Collateral being supplied by the Equipment Vendor.

15. On or about April 14, 2024, Super Cycle executed a certain written Equipment Financing Agreement No. 481589-001 (the "EFA"), under the terms of which Balboa loaned to Super Cycle the sum of Ninety-Eight Thousand Nine Hundred Ninety-Five Dollars and Sixty-Five Cents ($98,995.65) to finance the Collateral for its business. The EFA required Super Cycle to make sixty (60) monthly payments of $2,452.00, payable on the 4th day of each month beginning July 4, 2024. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. The last payment received by Balboa was credited toward the monthly payment due for August 4, 2024. Therefore, on or about September 4, 2024, Super Cycle breached the EFA by failing to make the monthly payment due on that date. Super Cycle's failure to make timely payments is a default under the terms of the EFA.

17. In accordance with the EFA, and as a proximate result of Super Cycle's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $142,216.00. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Super Cycle.

18. In addition, the terms of the EFA provide that Super Cycle is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $294.24 are now due and owing.

19. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Super Cycle.

20. As a proximate result of Super Cycle's breach of the EFA, Balboa has been damaged in the total sum of **$142,510.24**, plus prejudgment interest from September 4, 2024, until the entry of judgment herein.

21. Further, under the terms of the EFA, Super Cycle promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Super Cycle.

22. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale

COMPLAINT

to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

**(Breach of Personal Guaranty)**

**(Against Gabel)**

23. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

24. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Super Cycle, Gabel guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Gabel (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

25. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Gabel.

26. Following a default by Super Cycle under the terms of the EFA, Balboa demanded Gabel make the payments required under the EFA. Gabel failed to meet the Guaranty obligations and make the payments required under the EFA.

27. Pursuant to the terms of Guaranty, the sum of $142,510.24, plus prejudgment interest from September 4, 2024, is due and payable to Balboa from Gabel. This Complaint, in addition to previous demands, shall constitute further demand upon Gabel to pay the entire indebtedness due and owing from Super Cycle to Balboa under the terms of the EFA.

28. Under the terms of Guaranty, Gabel promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Gabel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum of $142,510.24;
2. Prejudgment interest from September 4, 2024 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

DATED: January 31, 2025

SALISIAN | LEE LLP

By: _____
Jared T. Densen
Patty W. Chen
Neal S. Salisian

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL